UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERMAINE WASHINGTON,

                Plaintiff,

    v.                                   **DECISION AND ORDER**
                                                 13-CV-617S

SECURITAS SECURITY SERVICES USA, INC.
and ROSLYN RINDEMANN,

                Defendants.

1.  Plaintiff, who is proceeding pro se, commenced this Title VII employment discrimination action on June 13, 2013. Defendants have moved to dismiss the lawsuit as untimely, and to dismiss Defendant Roslyn Rindemann from the suit on the ground there is no individual liability under Title VII. Docket No. 6. In response, Plaintiff conceded that his claims against Defendant Rindemann must be dismissed, Docket No. 8, and he contemporaneously filed a motion to amend the complaint to remove Rindemann from the caption, Docket No. 9. He maintains, however, that this action was timely filed and should proceed against Defendant Securitas. For the reasons set forth below, Defendants' motion is granted in part and denied in part, Plaintiff's motion to amend is denied as moot, and the action will proceed against Defendant Securitas only.

2.  As a prerequisite to filing suit under Title VII, a plaintiff must first file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). <u>Chin v. Port Auth. Of N.Y. & N.J.</u>, 685 F.3d 135, 146 (2d Cir. 2012) (citing 42

1

U.S.C. §§ 2000e-5(e)(1), (f)(1)). Once the plaintiff receives a right-to-sue letter from the EEOC, he or she must initiate suit within 90 days thereafter. Hughes v. Elmira College, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008). The 90-day time requirement "should be strictly enforced and not extended by even one day." Holmes v. NBC/GE, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996).

3. Plaintiff appended to his Complaint the EEOC's right-to-sue letter, date-stamped March 7, 2013. In the body of the Complaint, Plaintiff twice identified March 16, 2013 as the date on which he received the EEOC's letter. Docket No. 1 ¶¶ 12, 18. Assuming the truth of Plaintiff's statements, his June 13, 2013 Complaint was filed on the 89th day after receipt, making this action timely. However, Defendants argue that, based on the date of the right-to-sue letter, Plaintiff is presumed to have received it no later than March 12, 2013[1], making his June 13, 2013 filing untimely.

4. The Second Circuit has clearly stated that "[n]ormally it is assumed [ ] a mailed document is received three days after its mailing. And normally it may be assumed, in the absence of challenge that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996) (internal citations and quotations omitted); see also Fed. R. Civ. P. 6(d). The presumption that delivery was perfected in three days may be rebutted by admissible evidence, such as a postmarked envelope or an affidavit by the plaintiff stating the actual date of receipt. Hughes, 584 F. Supp. 2d at 590; Hall v. Potter, No. 06-CV-5003, 2009

---

1 According to Defendants, Rule 6(a) of the Federal Rules of Civil Procedure requires that the intermediate Saturday and Sunday be *excluded* from the calculation. To the contrary, Rule 6(a)(1) expressly provides that the day of the event triggering the time period is excluded, after which every day, "including intermediate Saturdays, Sundays, and legal holidays" is counted, except that if the last day falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday."

U.S. Dist. LEXIS 18955, at *24-25 (E.D.N.Y. Mar. 4, 2009).

5. Rule 12(d) of the Federal Rules of Civil Procedure provides that where, on a motion to dismiss under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, Defendants have submitted an attorney affidavit, and Plaintiff's only means of rebutting the presumption Defendants raise is by submitting evidence that is outside the pleadings. Given these circumstances, the Court will treat Defendants' motion to dismiss as a motion for summary judgment. Further, the Court finds the motion can be resolved on the documents already submitted.

6. Plaintiff filed a response to Defendants' motion in which he observes that Defendants have no way of tracking when he received the EEOC's letter, and states that "there was a delay in the delivery because I did not receive the 'Right to Sue letter' until March 16, 2013." Docket No. 8 at 1. This response, captioned "Plaintiff's Reply to Defendant's Motion for Dismissal," was subscribed and sworn in the presence of a notary. Defendants argue, without explanation, reason, or support, that Plaintiff "submitted an unsworn statement styled as a 'Reply . . .'" that is insufficient to rebut the three-day presumption. Docket No. 11 at 2.

7. As the Second Circuit repeatedly has observed:

> "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation, internal quotation marks and emphasis omitted). This policy "is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights

because of their lack of legal training." Id. (citation, internal quotation marks and brackets omitted). In ensuring justice for pro se litigants, "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003).

Santiago v. Stamp, 303 Fed. Appx. 958, 960-61, 2008 U.S. App. LEXIS 26077, at *4-5 (Dec. 23, 2008). To the extent Defendants intend to suggest that some negative inference arises from the label Plaintiff attached to his sworn document, this Court disagrees. Moreover, I find it appropriate to ignore that label and characterize the sworn document as an affidavit.

8. Plaintiff's sworn statement that he did not receive the EEOC's letter until March 16, 2013 is consistent with his earlier statements and is sufficient to create a question of material fact as to whether there was a delay in the mailing or delivery of the right-to-sue letter. Accordingly, summary judgment on the basis of untimely filing is denied. Similarly, by swearing that "Plaintiff was in error when including Roslyn Rindemann as a Defendant," Plaintiff concedes to her dismissal from the case, without the need for a further motion to amend. Therefore, dismissal is granted as to Defendant Rindemann, and Plaintiff's motion to amend is denied as moot.

\* \* \* \* \* \*

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 6), treated as a Motion for Summary Judgment, is GRANTED IN PART and DENIED IN PART.

FURTHER, that Plaintiff's Motion to Amend (Docket No. 9) is DENIED as moot.

FURTHER, that the Clerk of Court is directed to terminate Roslyn Rindemann as a

Defendant.

    SO ORDERED.

Dated:   June 22, 2014
         Buffalo, New York

                                             <u>/s/ William M. Skretny</u>
                                             WILLIAM M. SKRETNY
                                                 Chief Judge
                                        United States District Court