UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERMAINE WASHINGTON "Pro Se,"

                                  Plaintiff,         **DECISION AND ORDER**

     v.

SECURITAS SECURITY SERVICES USA, INC.,         13-CV-617S

                                 Defendant.

        Plaintiff has filed a "Motion to Opt Out of ADR." (Docket No. 33, September 10, 2014). This employment discrimination case was filed on June 13, 2013 and, pursuant to Section 2.1 A of the Court's Alternative Dispute Resolution (ADR) Plan, was automatically referred to mediation upon that filing.

        Motions for such relief in an automatically referred civil case are to be made within fourteen days from the date of the first discovery conference under Local Rule 16 (Plan 2.2 B and Scheduling Order, Docket No. 30, August 27, 2014). The motion has been timely filed. Defendant opposes the motion by letter Response dated and filed September 15, 2014 (Docket No. 32).

        Motions to opt out of mediation may be granted only upon good cause, requiring "the reasons why ADR has no reasonable chance of being productive." (Plan Section 2.2 C.)

        The first reason presented by plaintiff is that he is *pro se,* representing himself without counsel, and therefore should only be required to appear before a federal judge and not a Mediator, characterized as a "third party," in a non-courtroom proceeding which, further, imposes fees upon the parties. The ADR Plan, incorporated as Local Rule 16 and

adopted by approval of all of the then-WDNY District Judges, does not distinguish among cases in which parties are represented or are not.  Indeed, the text of the Plan expresses an awareness of and accommodation for participants appearing and participating *pro se* (Plan Section 5.8 B).  The Plan further provides for relief from mediation fees (Sections 5.3 D and E) and, in fact, plaintiff is pursuing one such avenue by motion for *in forma pauperis* status (Docket No. 36, September 10, 2014).

The second reason presented by plaintiff is his contention that the United States Constitution provides him with the choice of manner of adjudication and that automatic referral forces a choice upon him, somehow in violation of that "right."  The Court disagrees that any such "right" is expressed in the manner argued by plaintiff or that this District's procedures could be viewed as a violation of constitutional protections.  The ADR Plan, while triggering automatic referral to mediation, is not a "forced" option for determination. The process is not demanding, requiring only a minimum of two hours of participation, in good faith.  It does not require settlement and a party, *pro se* or represented, may simply decline to resolve the case in that process.  Furthermore, the Plan offers the opportunity to "opt out" of mediation where sufficient good cause can be established.

Plaintiff's third and fifth reasons are similar, to wit: he was unaware of the ADR process or Plan, including potential expense, prior to commencing his action.  Whether represented or *pro se,* all parties are presumed to be aware of the Court's rules and procedures, including the District's Local Rules, before filing a federal court case.

The fourth reason offered by plaintiff is unclear in its phrasing but appears to assume that he has been deprived of his case being assigned to a Magistrate Judge.  The wording in his motion is "Even if I choose Magistrate Judge, said case can still be

forwarded to ADR/Mediation Program thus still placing me in the position with third party involvement." The Court is unable to reliably interpret this contention but, if it suggests that the ADR process prevents the designation of authority to a Magistrate Judge, that is not so. Indeed, the Scheduling Order which provides mediation deadlines, including the deadline for this type of motion, was issued by United States Magistrate Judge Hugh B. Scott.

In sum, the objections raised by plaintiff are found to be without merit and, further, do not constitute "reasons why ADR has no reasonable chance of being productive." (Plan Section 2.2 C.) Indeed, the substance of the contentions have not been directed at that required criterion. The plaintiff has failed to present good cause for relief from ADR.

The Court also observes that the defendant, in its Response, in addition to opposing the relief sought by plaintiff, has indicated a willingness and interest in participating in mediation of the case.

The motion to opt out of ADR is DENIED. The deadlines within the aforesaid Scheduling Order (Docket No. 30) shall remain in effect, with the exception that the deadline by which to select a mediator is hereby extended to October 1, 2014.

IT HEREBY IS SO ORDERED.


DATED: September 23, 2014
       Buffalo, New York

                                                  s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                       Chief Judge
                                                United States District Court